**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

STEVEN CHAD RICHMOND,

Plaintiff,

v.

BOMBARDIER RECREATIONAL PRODUCTS INC., a foreign corporation; and
BRP US INC., a Delaware corporation,

Defendants.

---

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

---

Plaintiff, Steven Chad Richmond ("Plaintiff" or "Mr. Richmond"), by and through his counsel of record in this action, the law firm of Springer and Steinberg, P.C., for his Complaint against the above-named Defendants, Bombardier Recreational Products Inc. and BRP US Inc., states and alleges as follows:

**I.  PARTIES**

1.    At the time of the incident which forms the basis of this lawsuit, Plaintiff was a resident and citizen of the State of Colorado.  Subsequently, because of his injuries sustained in this incident, Plaintiff moved to Louisiana and is a resident and citizen of the state of Louisiana, having his principal place of residence located at 364 North Blacktop Extension, Oakdale, Louisiana 71463.

2                          22

2.    Defendant Bombardier Recreational Products Inc. ("Bombardier") is a foreign corporation in good standing, with its principal place of business located at 726 St-Joseph Street, Valcourt, QC JOE 2LO, Canada, authorized and licensed to do business in the State of Colorado. Bombardier's registered agent is The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

3.    Defendant BRP US Inc. ("BRP US") is a corporation in good standing, duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 10101 Science Drive, Sturtevant, Wisconsin 53177, authorized and licensed to do business in the State of Colorado.   BRP US's registered agent is The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

## II.  JURISDICTION

4.    Bombardier is a Canadian corporation, BRP US is a Delaware corporation and is a resident and citizen of the State of Wisconsin, while Plaintiff is a resident and citizen of the State of Louisiana.  Accordingly, the parties are citizens of different states.  Therefore, in conjunction with the fact that the matter in controversy exceeds the sum or value of $75,000.00, original jurisdiction over this controversy exists in this Court pursuant to 28 U.S.C.A. §1332(a).

## III.  VENUE

5.    Jurisdiction in this matter is founded solely on diversity of citizenship; however, venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C.A. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this matter occurred in Colorado, specifically Jackson County, Colorado.

## IV.  BACKGROUND FACTS

6. On or about March 5, 2011, Lisa M. Cox, with the assistance of her then boyfriend Plaintiff Chad Richmond, purchased a 2011 Can-Am Commander X1000 (hereinafter referred to as the "UTV") from RPM Motorsports located at 1251 Wadsworth Boulevard, Lakewood, Colorado 80214.

7. Upon information and belief, the UTV was designed, engineered, manufactured, and marketed by Defendants Bombardier and BRP US.

8. The UTV is a sport-performance, rec-utility, side-by-side vehicle, which consists of a four-wheel chassis that supports a two-seat unenclosed cabin, an engine compartment, and a cargo box.  The unenclosed cabin sits between the engine compartment to the front of the UTV and the dual-level cargo box to the rear of the UTV.

9. The unenclosed cabin additionally sits beneath a rear-angled two-piece roll cage constructed of 2" diameter low carbon steel.  The front portion of the two-piece roll cage is connected to the front of the UTV's steel frame by M10x1.5 Torx head fasteners ("Screws"), installed inside to outside.  The rear portion of the two-piece roll cage is connected to the rear portion of the UTV's steel frame in the same manner.

10. The front and rear portions of the two-piece roll cage are connected to one another by two Screws on the left side of the roll cage and two Screws on the right side of the roll cage, for a total of four Screws joining the two-piece roll cage.  The joint for the left and right side of the roll cage is positioned directly above the driver and passenger seats, respectively.  The Screws fastening each piece of the roll cage together are aligned side-by-side horizontally, so that they

3

are parallel to the ground, and are installed outside to inside.  The joint is not designed so that either the front or rear piece of the two-piece roll cage fits inside the other.

11.     On or about June 27, 2011, Mr. Richmond was operating the UTV on dirt road trails located near Walden, Jackson County, Colorado, and was doing so in a reasonable, prudent, careful, and foreseeable manner consistent with the purposes for which the UTV was designed, manufactured, distributed, and marketed.

12.     During his operation of the UTV on June 27, 2011, Mr. Richmond approached and encountered an approximate one foot (1') high bump in the dirt road trail, traveling at a speed consistent with the terrain and consistent with Defendants' stated purpose of the UTV.  As the two rear wheels of the UTV traveled over the bump, the UTV unexpectedly pitched forward and entered into an end-over-end roll.

13.     While engaged in the end-over-end roll, the UTV's front right wheel collided violently with the ground, was crushed, and caused the UTV to then roll laterally.

14.     During and as a result of above-described rollover sequence, the two-piece roll cage failed at the joint of the front and rear pieces, and the four Screws that held the two pieces of the roll cage together completely sheared, exposing Mr. Richmond to a serious and severe risk of injury.  Once the four Screws failed, the roll cage tubing buckled and bent, further increasing the risk of injury to Mr. Richmond.

15.     Although Mr. Richmond was wearing his safety belt, the failure of the two-piece roll cage permitted his head to violently contact the ground during the above-described rollover sequence (the events described in Paragraph Nos. 10-14 are hereinafter referred to as the "Incident").

4

16.    As a result of the Incident, Mr. Richmond suffered severe and life-altering cervical spine injuries, resulting in paralysis of all four of his limbs.

17.    Bombardier and BRP US provided material to Ms. Cox and Plaintiff at, or prior to, the time that she purchased the UTV, which material included, without limitation, a promotional video and pamphlet concerning the features of this particular UTV.  The material indicated as follows:

      a.    "Power and Fuel:  See firsthand how the Can-Am Commander stacks up against the competition as the machines race on a 650-foot drag strip;"

      b.    "Handling:  BRP engineers raised the bar when they designed the Can-Am Commander.  Take a closer look at how the Commander brings innovative features to the industry that fine-tunes its handling;"

      c.    "Traction:  What happens when one takes the Can-Am Commander and its rivals to a competition-ready mud pit?  Watch and find out;"

      d.    The UTV is the "ultimate side-by-side;"

      e.    The UTV has a "no compromise attitude;"

      f.    The UTV's manufacturer "obsessively focused on improving every aspect of the side-by-side experience;"

      g.    "With less than 50 HP, the competitors don't offer much in the way of sport performance;"

      h.    The UTV has "no compromise between performance and capability;"

i.   Safety features on the UTV include a "roll cage that is made of 2" high strength steel  and meets roll over protective structures certification;"

j.   The UTV's handling is "responsive" and the "shocks help soak up the bumps and keep you on track;" and

k.   The UTV's manufacturer strives for "innovation always with the customer in mind."

18.   Additionally, the promotional video contains numerous clips demonstrating the UTV's ability to travel over bumps at a high rate of speed, including some jumps.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Strict Liability-Design Defect against Bombardier and BRP US)

19.   Plaintiff hereby incorporates by reference all of the allegations contained in Paragraph Nos. 1 through 18 above, as if fully set forth herein.

20.   Bombardier and BRP US manufactured the UTV and were engaged in the business of selling the UTV.  The UTV was expected to, and did, reach Ms. Cox and/or Plaintiff, as the user or consumer, without substantial change in the condition in which it was sold.

21.   Bombardier and BRP US sold the UTV to or through RPM Motorsports, who then sold the UTV to Ms. Cox.

22.   Plaintiff was a permissive and foreseeable user of the UTV sold to Ms. Cox.

23.   RPM Motorsports did not change or alter the condition of the UTV prior to selling it to Ms. Cox.

24.    The UTV was defective and unreasonably dangerous at the time that Bombardier and BRP US sold the UTV to RPM Motorsports because the UTV was defectively designed in that, *inter alia*, the suspension used on the UTV created a tendency for the vehicle to pitch forward while traveling over bumps, resulting in the vehicle rolling over onto the two-piece roll cage, the design of which was insufficient to withstand and hold up to the natural forces that would be applied to the two-piece roll cage during either an end-over-end or lateral rollover. Consequently, the design of the UTV unreasonably increased the risk of injury during its use.

25.    The defective design of the UTV was the proximate cause of the Incident and of Plaintiff's resulting injuries, which injuries included and will continue to include serious, permanent and disabling bodily injuries, physical impairment, physical disfigurement, permanent disability, loss of enjoyment of life, severe physical and mental pain and suffering, loss of time, and financial hardship, the damages of which are to be determined at the time of trial. Plaintiff has undergone extensive medical treatment for his injuries, has been hospitalized, and continues to receive extensive care. Plaintiff's serious injuries have effectively prohibited him from working, have greatly reduced his enjoyment of life, and have greatly inhibited his ability to perform the tasks of daily living.

26.    As a result of the Incident, Plaintiff has incurred and will continue to incur medical, rehabilitation, and life care expenses in an amount to be determined at the time of trial.

27.    As a result of the Incident, Plaintiff has lost earnings and has lost earning capacity due to his severe and debilitating injuries, in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff hereby prays for judgment as against Bombardier and BRP US as follows:

A.    For special damages;

B.    For general and compensatory damages;

C.    For all pre-judgment interest from the date of the Incident, post-judgment interest, and other interest allowed at law;

D.    Costs; and

E.    For such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Negligence against Bombardier and BRP US)

28.    Plaintiff hereby incorporates by reference all of the allegations contained in Paragraph Nos. 1 through 27 above, as if fully set forth herein.

29.    The UTV designed, engineered, manufactured and sold by Bombardier and BRP US was defective in its design, as indicated above.

30.    The defective design of the UTV was a result of Bombardier's and BRP US's negligence in failing to exercise reasonable care to ensure that:  (a) the suspension used in the UTV did not have a tendency to cause the vehicle to pitch forward; and/or (b) the vehicle's roll cage was sufficient to withstand and hold up to the natural forces placed upon it during either an end-over-end or lateral rollover.  Accordingly, Bombardier and BRP US breached their duty to avoid creating a dangerous, hazardous, and/or unsafe condition for persons reasonably expected to use, or be affected by the use of, the UTV, including, without limitation, Plaintiff Richmond.

31.    Bombardier's and BRP US's negligence in designing the UTV was the proximate cause of the Incident and of Plaintiff's resulting injuries, which injuries included and will continue to include serious, permanent and disabling bodily injuries, physical impairment, physical disfigurement, permanent disability, loss of enjoyment of life, severe physical and mental pain and suffering, loss of time, and financial hardship, the damages of which are to be determined at the time of trial.  Plaintiff has undergone extensive medical treatment for his injuries, has been hospitalized, and continues to receive extensive care.  Plaintiff's serious injuries have effectively prohibited him from working, have greatly reduced his enjoyment of life, and have greatly inhibited his ability to perform the tasks of daily living.

32.    As a result of the Incident, Plaintiff has incurred and will continue to incur medical, rehabilitation, and life care expenses in an amount to be determined at the time of trial.

33.    As a result of the Incident, Plaintiff has lost earnings and has lost earning capacity due to his severe and debilitating injuries, in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff hereby prays for judgment as against Bombardier and BRP US as follows:

A.    For special damages;

B.    For general and compensatory damages;

C.    For all pre-judgment interest from the date of the Incident, post-judgment interest, and other interest allowed at law;

D.    Costs; and

E.    For such other and further relief as this Court deems just and proper.

9

## VI.  DEMAND FOR JURY TRIAL

34    Plaintiff demands a trial to a jury of six (6) on all issues so triable.

**DATED** this 15th day of March, 2013.

Respectfully submitted,

SPRINGER AND STEINBERG, P.C.

s/ Jeffrey A. Springer
Jeffrey A. Springer
Matthew M. Holycross
Springer and Steinberg, P.C.
1600 Broadway Suite 1200
Denver, Colorado 80202
Telephone: (303) 861-2800
Facsimile:  (303) 832-7116
E-mail: jspringer@springersteinberg.com
              mholycross@springersteinberg.com
*Attorneys for Plaintiff Steven Chad Richmond*

Plaintiff's Address:
Steven Chad Richmond
364 North Blacktop Extension
Oakdale, Louisiana 71463