**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00698-RBJ-MJW

STEVEN CHAD RICHMOND,

Plaintiff,

v.

BOMBARDIER RECREATIONAL PRODUCTS INC., a foreign corporation;
BRP US INC., a Delaware corporation;
DEMENTIA, LLC (d/b/a RPM MOTORSPORTS, LLC) a Colorado limited liability company,

Defendants.

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their respective counsel, hereby submit this Stipulated Protective Order and state as follows:

During the course of this action, the parties anticipate producing documents or other materials that are confidential or contain sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature. Good cause exists for entry of this Stipulated Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 29. To facilitate the production and receipt of information during discovery, the parties stipulate, subject to the approval of this Court, to the entry of this Stipulated Protective Order as follows:

1. This Protective Order shall govern all information and documents designated as Confidential. A Confidential designation may be made when a party reasonably and in good faith believes that documents or other materials, after first being reviewed by the party's counsel, are confidential or contain sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, or other commercially and/or competitively sensitive information of a nonpublic nature. An entire document or item may be designated as Confidential if any part of it contains Confidential information, unless the Producing Party elects to designate only portions of the document or material. Confidential information shall not be used or disclosed for any purpose except the preparation and trial of this case, and Confidential information shall not be disclosed to anyone except as expressly set forth herein.

2. Documents or other materials shall be designated as Confidential and subject to this Order by placing a marking on the document or other material in a manner which will not interfere with its legibility, indicating that said document is Confidential. The parties have agreed that documents or other materials that were produced by BRP in the *Shawver v. Bombardier Recreational Products, Inc., BRP US, Inc. and Kentucky Power Sports, Inc. d/b/a Yamaha of Millington* case, Case No. 12-CI-00132, Jefferson Circuit Court, Kentucky, may be reproduced in this case and will be subject to this Stipulated Protective Order. The documents or other materials will not require additional marking or designation in order to be subject to this Stipulated Protective Order.

3. This Protective Order shall apply to and govern all documents and information designated as Confidential whether or not such documents or information are informally

produced or produced in response to a formal discovery request. The parties may designate responses to discovery requests, deposition transcripts, and exhibits as Confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within 10 days of receiving a transcript of the deposition, notify the parties that the deposition testimony contains Confidential material, in which case the testimony shall be subject to the full protections of this Order.

4. In the event that any party seeks to file a motion, pleading, or other document with the Court that contains or attaches Confidential documents or materials, the party shall confer with the other parties and file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2.

5. No portion of any documents or materials designated Confidential shall otherwise be disclosed except upon Court order for good cause shown or upon the written authorization of the designating party.

6. Within 120 days after the conclusion of all aspects of this action, documents marked Confidential in accordance with this Order and all copies thereof shall be destroyed or returned to counsel for the producing party. The party complying with this provision shall notify the producing party, in writing, that it destroyed or returned Confidential documents or materials received from the producing party.

7. Except as otherwise directed by this Court, the documents and information designated as Confidential shall be revealed only to:

        A.     parties in this action;

        B.     counsel of record for the parties in this action;

        C.     the parties' experts or consultants;

        D.     the Court, Court personnel, and any mediators or other persons utilized for dispute resolution purposes; and

        E.     jurors and Court personnel at trial.

8. With the exception of persons identified in subparts (D) and (E) of paragraph 7, no person shall be provided access to Confidential documents or materials unless such individual has (a) read this Order and (b) completed and signed the affidavit provided. No person entitled to access Confidential documents or materials shall discuss the contents of any such documents and materials with any other individual, except those individuals who also have access pursuant to this Order.

9. Each person who reviews or inspects Confidential documents or materials pursuant to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached affidavit. Each person's signature shall be notarized by an officer of a competent jurisdiction.

10. Counsel for all parties shall maintain a list of the names of all persons, including all experts, who inspect or review Confidential documents or who receive any copies of such Confidential documents pursuant to this Order and shall make the list available to any other counsel at the conclusion of this litigation.

11. The documents and materials produced pursuant to the terms of this Order shall be used for the sole and limited purpose of preparation for and trial of this action and

shall not be used for any other purpose.

12. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall remain in full force and effect. This Court retains jurisdiction over all persons provided access to Confidential documents or materials with respect to enforcement of the terms of this Order.

13. Neither this Order nor the designation of any item as Confidential shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, is admissible in evidence in this litigation or in any other proceeding. This Protective Order does not, of itself, require the production of any documents or other materials.

14. Nothing in this Order shall be deemed a waiver of any party's rights to oppose discovery on any grounds or to object on any ground to the admission of any evidence at trial.

15. Violation by any person of any provision of this Protective Order shall be punishable as contempt of Court. The party that invoked the Confidential designation may pursue any and all civil remedies available to it for breach of the terms of this Order.

16. A party may object to any Confidential designation by giving written notice to the party designating the disputed information within 30 days of when the designation was made. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the Confidential designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as

Confidential under the terms of this Protective Order until the Court rules on the motion.

17. The inadvertent production of any information without it being properly designated as Confidential shall not be deemed to waive any claim of confidentiality with respect to such information. If a producing party, through inadvertence, produces any Confidential information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed Confidential and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such information as Confidential in accordance with the notice from the date such notice is received.

Dated this 30th day of August, 2013.

BY THE COURT

_____

United States District Judge

STIPULATED AND AGREED TO:

SPRINGER AND STEINBERG, P.C.

*S/Matthew M. Holycross*
Jeffrey A. Springer
Matthew M. Holycross
1600 Broadway, Suite 1200
Denver, CO  80202
(303) 861-2800
*Attorneys for Plaintiff*

WELLS, ANDERSON & RACE, LLC

*S/Mary A. Wells*
Mary A. Wells
Adam P. O'Brien
1700 Broadway, Suite 1020
Denver, CO  80290
(303) 830-1212
*Attorneys for Defendants Bombardier Recreational Products Inc. and BRP US Inc.*

THE WALTZ LAW FIRM

*S/Richard A. Waltz*
Richard A. Waltz
1660 Lincoln Street, Suite 2510
Denver, CO  80264
(303) 830-8800
*Attorneys for Dementia, LLC (d/b/a RPM Motorsports, LLC)*

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00698-RBJ-MJW

STEVEN CHAD RICHMOND,

Plaintiff,

v.

BOMBARDIER RECREATIONAL PRODUCTS INC., a foreign corporation;
BRP US INC., a Delaware corporation;
DEMENTIA, LLC (d/b/a RPM MOTORSPORTS, LLC) a Colorado limited liability company,

Defendants.

---

**AFFIDAVIT PURSUANT TO STIPULATED PROTECTIVE ORDER**

---

STATE OF _____ )
                                                           ) ss:
COUNTY OF _____ )

_____, being first duly sworn, upon his or her oath, deposes and says:

1. I have been provided copies of, or access to, Confidential documents and/or materials that are subject to a Protective order in the above-captioned action.

2. I have read and complied with all of the provisions of the Protective Order and agree to be bound by the Protective Order. I agree to subject myself to the jurisdiction of the

United States District Court for the District of Colorado with respect to enforcement of the Protective Order.

    3.    I certify that I have provided a copy of the Protective Order to anyone to whom I have provided copies or reproductions of any confidential documents or other materials. All such individuals have also executed an affidavit in the same form as this affidavit.

    4.    I certify that at the conclusion of this action I will return all Confidential documents or other materials, include all copies or reproductions, to the attorney from whom the documents or materials were received.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires:

_____